Dear Mr. Rascoe:
You have requested an opinion on behalf of the DeSoto Parish School Board concerning personal leave. Specifically, you ask the following questions:
 1) How to treat a teacher who uses more than two days of personal leave during any school year.
 2) Is the School Board authorized by law to reduce the pay of the teacher under these circumstances?
 3) If so, should the School Board reduce the pay of the teacher only by the amount paid to the substitute teacher or dock their full daily rate of pay?
 4) Is the teacher entitled to use sick leave for the excess days of personal leave taken even though the teacher's absence is not caused by personal illness or other emergencies?
 5) Does it make a difference if the teacher is tenured or non-tenured?
LSA-R.S. 17:1208 and 17:1208.1 are located in Subpart B-1 under Part X pertaining to Leaves of Absence and addresses the issue of personal leave. LSA-R.S. 17:1208 states the following:
 Every teacher employed by a parish or city school board of this state, except those employees who receive annual leave, shall be entitled to and shall be allowed to use up to two days absence during each school year to be used for such purposes as may be determined by the individual teacher without loss of pay. The teacher requesting such leave shall give his principal at least twenty-four hour notice prior to taking the leave without loss of pay. Personal leave shall be charged to and deducted from the teacher's sick leave for the current year or sick leave accumulated as provided in R.S. 17:1201. Personal leave shall not be accumulated from year to year, nor shall personal leave be compensated for upon death or retirement or aid in any other manner except as provided for in this Section.
LSA-R.S. 17:1208.1 states the following:
 A. All employees, as defined in R.S. 17:1205, except those employees who receive annual leave, shall be entitled to and shall be allowed up to two days absence during each school year to be taken from current or accumulated sick leave and to be used for such purposes as may be determined by the individual employee without loss of pay. The employee requesting such leave shall give his supervisor at least twenty-four hours notice prior to taking the leave without loss of pay.
 B. Personal leave shall be charged to and deducted from current or unused sick leave as of the date personal leave is taken. Personal leave shall not be accumulated from year to year, nor shall personal leave be compensated for upon death or retirement or paid in any other manner except as provided for in this Section.
LSA-R.S. 17:1201 and 1202 are located in Subpart B under Part X pertaining to Leaves of Absence and addresses the issue of sick leave. Section 1201 (A) states the following in pertinent part concerning the amount of sick leave available for teachers:
 A. (1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation. However, upon initial employment a member of the teaching staff employed by a school board shall not be allowed any sick leave in a school year unless and until he reports for duty and actually performs work for the board during that school year at which time the ten days otherwise provided for in this Paragraph shall accrue.
LSA-R.S. 17:1202 states the following concerning deductions from an absent teacher's salary:
 Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence, and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this Section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201.
In Attorney General Opinion 84-339, our office opined that the prohibition on salary deductions in LSA-R.S. 17:1202 is applicable only in case of absences allowed by Section 1201 which is limited to personal illness or other emergencies. The author of the opinion also concluded the following:
 In those cases where a teacher, after exhausting all accumulated leave, is absent for reasons other than those stated in R.S. 17:1201, the school board may treat the absence as leave without pay or authorized leave. In either case the teacher's pay may be reduced by his actual daily rate whether or not a substitute is employed.
In Attorney General Opinion 89-196 the requestor inquired as to whether the status of leave without pay may be attached to a teacher who uses more than the two days granted under LSA-R.S.17:1208 when he/she does not qualify for extended sick leave or sabbatical leave under the parish policy and no substitute teacher was hired. The author concluded that:
 ". . . the school board may treat the absence as leave without pay or unauthorized leave. The teacher's pay may be reduced by his/her actual daily rate of pay whether or not a substitute is employed."
As indicated in LSA-R.S. 17:1208.1 (A) a teacher's pay cannot be reduced for use of up to two days personal leave. However, the School Board inquires about how to treat teachers in situations where a teacher has exhausted his or her two days of personal leave and is absent for reasons other than those stated in LSA-R.S. 17:1201.
As discussed in Attorney General 84-798, the only situations whereby the school board is limited to the salary deduction outlined in LSA-R.S. 17:1202 would be in the event that the ten day sick leave with pay is exhausted or if the school board determines that the reason for additional leave constitutes an "other emergency" under LSA-R.S. 17:1201. (Also see Attorney General Opinion 85-179).
Therefore, in answer to your first, second, and third questions, a school board may treat the absence of a teacher who uses more than two days of personal leave during any school year and is absent for a reason other than those stated in LSA-R.S. 17:1201
as leave without pay or unauthorized leave. Also, o, the teacher's pay may be reduced by his actual daily rate.
In response to your fourth question, a teacher is not entitled to use sick leave for excess days of personal leave taken if the teacher's absence is not caused by personal illness or other emergencies.
In your fifth question, you ask whether it makes a difference if the teacher is tenured or non-tenured. The statutes as discussed above do not distinguish between leave given to tenured and non-tenured teachers.
I hope this opinion sufficiently addresses your concerns. If I may be of further assistance, please do not hesitate to contact me.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc